# EXHIBIT A

## Special Civil Part Case Summary

**Case Number:** BER DC-016795-18

**Case Caption:** Hoffman Vs Nissan-Infiniti Lt

| | | | |
|---|---|---|---|
| **Court:** Special Civil Part | **Venue:** Bergen | **Case Initiation Date:** 10/19/2018 | **Age:** 00 YR 00 MO |
| **Case Type:** Contract Dispute | **Case Status:** Defaulted | **Demand Amount:** $15,000.00 | |
| **Case Track:** | **Judge:** | **Jury Demand:** Six | **Disposition Date:** 11/30/2018 |
| **Case Disposition:** Default By Clerk | **Statewide Lien:** No | | |

### Plaintiffs
**Harold M Hoffman**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Harold M Hoffman |
| **Address Line 1:** 240 Grand Ave | **Address Line 2:** | **Attorney Bar ID:** 006531984 |
| **City:** Englewood    **State:** NJ | **Zip:** 07631 | **Phone:** (201) 569-0086 |
| **Attorney Email:** HOFFMAN.ESQ@VERIZON.NET | | |

### Defendants
**Nissan-Infiniti Lt**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** C/O Wilmington Trust Company | **Address Line 2:** Rodney Square N., 1100 N. Market St. | **Attorney Bar ID:** |
| **City:** Wilmington    **State:** DE | **Zip:** 19890 | **Phone:** (302) 636-6543 |
| **Attorney Email:** | | |

### Case Proceeding

| Created Date | Scheduled Time | Court Room | Judge Name | Proceeding Description | Motion Type | Proceeding Status | Motion Status |
|---|---|---|---|---|---|---|---|
| 11/07/2018 | 08:45 | 332B | JOSEPH G MONAGHAN | MOTION HEARING | MOTION TO CORRECT METADATA | COMPLETED | CM |

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 10/19/2018 | A Complaint for BER-DC-016795-18 submitted by HOFFMAN, HAROLD M, HAROLD M. HOFFMAN on behalf of HAROLD M HOFFMAN against NISSAN-INFINITI LT | SCP20182368594 | 10/19/2018 |
| 10/20/2018 | Summons Mailed Notice submitted by Case Management | SCP20182372320 | 10/20/2018 |
| 10/22/2018 | DEFICIENCY NOTICE: re: Complaint [SCP20182368594] -Data Submitted Does Not Match Documents. Defendant's address does not match the address in the complaint. In order to correct the metadata, a motion must be made pursuant to R. 1:5-6. | SCP20182378034 | 10/22/2018 |
| 10/22/2018 | MOTION TO CORRECT METADATA submitted by HOFFMAN, HAROLD, M of HAROLD M. HOFFMAN on behalf of HAROLD M HOFFMAN against NISSAN-INFINITI LT | SCP20182380664 | 10/22/2018 |
| 10/22/2018 | The motion filed on 10/22/2018 will be decided on 11/07/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CORRECT METADATA [SCP20182380664] | SCP20182386094 | 10/22/2018 |
| 11/5/2018 | Proof of Service from USPS | SCP20182524356 | 11/5/2018 |
| 11/15/2018 | ORDER TO CORRECT METADATA-Granted by Judge MONAGHAN, JOSEPH, G re: MOTION TO CORRECT METADATA [SCP20182380664] | SCP20182602292 | 11/15/2018 |
| 12/18/2018 | Answer  submitted by SATEARY, THOMAS, J of LINDABURY MCCORMICK ESTABROOK & COOPER on behalf of NISSAN-INFINITI LT against HAROLD M HOFFMAN | SCP20182876873 | 12/18/2018 |
| 12/19/2018 | DEFICIENCY NOTICE: re: ANSWER [SCP20182876873] -Defendant has been in default as of 11/30/18. Per R 6:3-1 Stip to Extend Time does not apply to Special Civil Part cases. Please resubmit with the proper pleading to vacate default. - BC | SCP20182882673 | 12/19/2018 |
| 12/26/2018 | CORRECTED: CONSENT ORDER submitted by SATEARY, THOMAS, J of LINDABURY MCCORMICK ESTABROOK & COOPER on behalf of NISSAN-INFINITI LT against HAROLD M HOFFMAN | SCP20182922759 | 12/26/2018 |
| 12/26/2018 | Answer  submitted by SATEARY, THOMAS, J of LINDABURY MCCORMICK ESTABROOK & COOPER on behalf of NISSAN-INFINITI LT against HAROLD M HOFFMAN | SCP20182922814 | 12/26/2018 |
| 12/27/2018 | CORRECTION: re: [SCP20182922759] CONSENT ORDER submitted by SATEARY, THOMAS, J of LINDABURY MCCORMICK ESTABROOK & COOPER on behalf of NISSAN-INFINITI LT against HAROLD M HOFFMAN Filing Type has been changed to ORDER - NO MOTION by Case Management Staff | SCP20182939082 | 12/27/2018 |
| 12/27/2018 | AMENDED COMPLAINT submitted by HOFFMAN, HAROLD, M | SCP20182942782 | 1/7/2019 |
| 1/7/2019 | CLERK NOTICE:  re: AMENDED COMPLAINT SCP20182942841 -Duplicate. | SCP201946105 | 1/7/2019 |
| 1/8/2019 | Summons Mailed Notice submitted by Case Management | SCP201946979 | 1/8/2019 |
| 1/21/2019 | CERTIFICATION - CERTIFICATION submitted by HOFFMAN, HAROLD, M of HAROLD M. HOFFMAN on behalf of HAROLD M HOFFMAN against NISSAN-INFINITI LT | SCP2019167728 | 1/21/2019 |

BLANK DIVIDER PAGE

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
ATTORNEY FOR PLAINTIFF

|  | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY SPECIAL CIVIL PART |
|---|---|
| **HAROLD M. HOFFMAN**, Plaintiff, -against- **NISSAN-INFINITI LT**, Defendant. | **DOCKET NO.: BER-DC-_____-18** CIVIL ACTION **COMPLAINT** |

1.      At all times relevant, Plaintiff *Harold M. Hoffman* was a resident of Bergen County New Jersey.

2.      At all times relevant, Defendant *Nissan-Infiniti LT* was a trust and/or corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located in Franklin, TN.

3.      In May of 2015, Plaintiff leased a 2015 Infiniti Q50 sedan, for a 39-month lease term, from an Infiniti dealership called Kings Infiniti, Inc. ("Kings"), located in Brooklyn, New York. In that connection, Plaintiff and Kings entered into a written lease agreement

1

dated May 26, 2015 (the "Lease"). Thereafter, Kings, as Lessor, assigned its interest in the Lease to Defendant. The Lease concluded, by its terms, in August of 2018.

4.     The Lease provides that Defendant may, at the end of the lease term, assess charges related to "excessive wear and use" of the leased vehicle. Pursuant to express terms of the Lease, a prerequisite to any such assessment of charges is inspection of the leased vehicle and determination of alleged *excessive wear and use* by "an appraiser licensed pursuant to the N.Y. Vehicle and Traffic Law § 398(d)..." ("Licensed Appraiser").

5.     Defendant had the Plaintiff's leased vehicle inspected in August 2018 by a non-Licensed Appraiser. Nonetheless, Defendant billed the Plaintiff, in September of 2018, for alleged *excessive wear and use* in a sum exceeding $1,200.00.

6.     Moreover, the Lease fails to define the term *excessive wear and use*, or to distinguish it in any fashion, from ordinary and/or customary *wear and use* attributable to a vehicle in ordinary and/or customary use for a 39-month lease period.

7.     The wear and use found by Defendant to constitute *excessive wear and use*, resulting in charges to Plaintiff exceeding $1,200.00, was an arbitrary, self-serving finding by Defendant.

2

8.      The wear and use found by Defendant to constitute *excessive wear and use*, resulting in charges to Plaintiff exceeding $1,200.00, was not "excessive," but rather normal, ordinary and customary wear and use of a vehicle in use by a lessee over the course of a 39-month lease period.

9.      Upon information and belief, Defendant expends no sum at all devoted to repair of its leased vehicles, including but not limited to Plaintiff's leased vehicle, attributable to the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant customarily imposes on vehicle lessees at the end of the lease period.

10.      Upon information and belief, Defendant, at the end of vehicle lease terms, sells its leased vehicles at periodic mass auction.  Upon information and belief, the sales price derived by Defendant for previously leased vehicles sold at such auctions is not diminished by the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant imposes on vehicle lessees at the end of lease periods.

11.      Defendant's *excessive wear and use* scam, as outlined above, is an artifice employed by Defendant to profit at the expense of its lessees, including Plaintiff, in breach of its lease agreements with its lessees, including but not limited to Plaintiff herein.

3

12.     Defendant's *excessive wear and use* scam, as outlined above, is an artifice employed by Defendant to illicitly exploit and defraud its lessees, including but not limited to the Plaintiff herein.

13.     As a consequence of the foregoing, Plaintiff has been damaged in an amount to be proven at trial, presently believed to be in an amount not exceeding $15,000.00.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount to be proven at trial presently believed to be in an amount not exceeding $15,000.00, together with costs of suit and such other and further relief as the Court deems just and proper.

_____
Harold M. Hoffman, Esq.

Dated:  October 19, 2018

4

|  Court's Address and Phone Number:<br>BERGEN Special Civil Part<br>10 MAIN STREET, ROOM 427<br>HACKENSACK, NJ 07601-0000<br><br>201-221-0700 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>**BERGEN** County<br>Docket No: **BER-DC-016795-18**<br>**Civil Action**<br>**CONTRACT DISPUTE** |
|---|---|

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)**<br>HAROLD M. HOFFMAN | **Person or Business Being Sued (*Defendant*)**<br>NISSAN-INFINITI LT |
|---|---|
| **Plaintiff's Attorney Information**<br>HAROLD M HOFFMAN<br>HAROLD M. HOFFMAN<br>240 GRAND AVE<br>ENGLEWOOD, NJ 07631-4352<br>201-569-0086 | **The Person or Business Suing You Claims You Owe the Following:** |

| | |
|---|---|
| Demand Amount | $15000.00 |
| Filing Fee | $175.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$15182.00** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 11/30/2018, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey*. Include **BER-DC-016795-18** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **11/30/2018**.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **11/30/2018**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 201-487-2166. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-488-0044. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ **Michelle M. Smith**

Clerk of the Superior Court



| | |
|---|---|
| Dirección y teléfono del tribunal<br>Parte Civil Especial de BERGEN<br>10 MAIN STREET, ROOM 427<br>HACKENSACK, NJ 07601-0000<br>201-221-0700 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br>Condado de **BERGEN**<br>Número del expediente **BER-DC-016795-18**<br>**Demanda de Acción Civil**<br>**NOTIFICACIÓN DE DEMANDA**<br>**CONTRACT DISPUTE** |

## ¡LE ESTÁN DEMANDANDO!

| Persona o entidad comercial que le está demandando *(el demandante)*<br>HAROLD M. HOFFMAN<br><br>**Información sobre el abogado del demandante**<br>HAROLD M HOFFMAN<br>HAROLD M. HOFFMAN<br>240 GRAND AVE<br>ENGLEWOOD, NJ 07631-4352<br>201-569-0086 | Persona o comercial ser demandada *(el demandado)*<br>NISSAN-INFINITI LT<br><br>**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** |
|---|---|

| | |
|---|---|
| Cantidad a la vista | $15000.00 |
| Tasa judicial | $175.00 |
| Cargo del emplazamiento | $7.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$15182.00** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 11/30/2018 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:

1. *Responder a la demanda*. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante  un cheque o giro bancario o postal acreditable al: *"Treasurer, State of New Jersey"* (Tesorero del Estado de Nueva Jersey). Incluya **BER-DC-016795-18** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el **11/30/2018**.

2. *Resolver la disputa*. Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el **11/30/2018**.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 201-487-2166. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 201-488-0044. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ **Michelle M. Smith**

Subsecretario(a) del Tribunal Superior

**BLANK DIVIDER PAGE**

```
BERGEN SPECIAL CIVIL PART        :
BERGEN COUNTY COURTHOUSE         :
BERGEN COUNTY JUSTICE CENTER     :
HACKENSACK NJ 07601-7680         :
(201) 221-0700                   :
CASE NUMBER:
  BER DC-016795-18               :
HOFFMAN                          :
  VS              CV0210 : OCTOBER 19, 2018
NISSAN-INFINITI LT               :
                                 :
                                 :
A SUMMONS WAS MAILED TO          : HAROLD M HOFFMAN
DEFENDANT(S) ON 10-23-18 FOR     : HAROLD M. HOFFMAN
CASE DC-016795-18. UNLESS        : 240 GRAND AVE
OTHERWISE NOTIFIED, THIS CASE    :
WILL DEFAULT ON 11-30-2018.      : ENGLEWOOD NJ
                                 :
                                 :                 07631-4352
                                 :
                                 :
                                 :
                                 :
                                 :
```

BLANK DIVIDER PAGE

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following deficiency notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | HAROLD M HOFFMAN |
| Defendant Name: | NISSAN-INFINITI LT |
| Case Caption: | HOFFMAN VS NISSAN-INFINITI LT |
| Case Number: | BER DC 016795-18 |
| Docket Text: | **DEFICIENCY NOTICE:** re: Complaint SCP20182368594 -Data Submitted Does Not Match Documents. Defendant's address does not match the address in the complaint. In order to correct the metadata, a motion must be made pursuant to R. 1:5-6. |
| Transaction ID: | SCP20182378034 |

**Notice has been electronically mailed to:**
Plaintiff Attorney          HAROLD M HOFFMAN          HOFFMAN.ESQ@VERIZON.NET
                                                                          HAROLDHOFFMANESQ@GMAIL.COM


**Notice was not electronically mailed to:**
Defendant          NISSAN-INFINITI LT          C/O WILMINGTON TRUST COMPANY, RODNEY SQUARE N., 1100 N.
                                                                 MARKET ST., WILMINGTON, NJ 19890

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court Special Civil Part in county of venue..

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

BLANK DIVIDER PAGE

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

|  |  |
|---|---|
| **HAROLD M. HOFFMAN**, | SUPERIOR COURT OF NEW JERSEY |
| | BERGEN COUNTY |
| Plaintiff, | SPECIAL CIVIL PART |
| -against- | **DOCKET NO.: BER-DC-16795-18** |
| **NISSAN-INFINITI LT**, | |
| Defendant. | CIVIL ACTION |

## NOTICE OF MOTION TO CORRECT METADATA

**PLEASE TAKE NOTICE** that at a time to be fixed by the Court, Plaintiff will

move for an order pursuant to *R.* 1:5-6 correcting metadata inadvertently entered upon

filing of the Complaint; specifically, Plaintiff erroneously entered the address of

Defendant's registered agent as located in Wilmington, NJ, as opposed to Wilmington,

DE.

**PLEASE TAKE FURTHER NOTICE** that in support of his motion, Plaintiff will

rely upon the accompanying Certification and exhibit.

1

**PLEASE TAKE FURTHER NOTICE** that pursuant to *R.* 1:6-2, a proposed form

of Order is submitted herewith.

_____

Harold M. Hoffman

Dated: October 22, 2018

2

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
ATTORNEY FOR PLAINTIFF

|  |  |
|---|---|
| **HAROLD M. HOFFMAN**, | SUPERIOR COURT OF NEW JERSEY |
| | BERGEN COUNTY |
| Plaintiff, | SPECIAL CIVIL PART |
| **-against-** | **DOCKET NO.: BER-DC-16795-18** |
| **NISSAN-INFINITI LT,** | |
| Defendant. | CIVIL ACTION |

## CERTIFICATION IN SUPPORT OF MOTION

Harold M. Hoffman, hereby certifies as follows:

1. I am the named Plaintiff in this civil action. I am also admitted to practice

before the courts of this State.  I respectfully submit this certification, on personal

knowledge, in support of my motion, pursuant to *R.* 1:5-6, for an order correcting

metadata inadvertently entered upon filing of the Complaint; specifically, Plaintiff

erroneously entered the address of Defendant's registered agent as located in

Wilmington, <u>NJ</u>, as opposed to Wilmington, <u>**DE**</u>.

1

2.  Defendant is a Delaware entity.  Its registered agent is *Wilmington Trust Company*, located at Rodney Square N., 1100 N. Market St., Wilmington, DE 19890. *See,* Exhibit attached hereto.

3.  When electronically entering the metadata for Defendant upon filing the Complaint on October 19th, I inadvertently entered Wilmington, <u>NJ</u>, as opposed to Wilmington, <u>**DE**</u>.

4.  By this motion, I ask that my typographical error be corrected and the Defendant re-served at the correct address for its registered agent (in Delaware).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.


_____

Harold M. Hoffman

Dated: October 22, 2018

2

**HAROLD M. HOFFMAN, ESQ.**
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

|  |  |
|---|---|
| **HAROLD M. HOFFMAN,** | SUPERIOR COURT OF NEW JERSEY |
| | BERGEN COUNTY |
| | SPECIAL CIVIL PART |
| Plaintiff, | |
| | **DOCKET NO.: BER-DC-16795-18** |
| **-against-** | |
| | CIVIL ACTION |
| **NISSAN-INFINITI LT,** | |
| | [PROPOSED] ORDER |
| Defendant. | |

**THIS MATTER** having come before the Court on motion of Plaintiff, and the Court

having considered all papers and submissions; and good cause appearing, now therefor,

**IT IS** on this _____ day of October, 2018,

**ORDERED** as follows:

1. Plaintiff's motion pursuant to *R*. 1:5-6, for an order correcting metadata

inadvertently entered upon filing of the Complaint is granted.

2.  Defendant's address shall be corrected to read: c/o its Registered Agent,

Wilmington Trust Company, Rodney Square N., 1100 N. Market St., Wilmington, DE

19890 (as opposed to Wilmington, <u>NJ</u>).

3. Defendant shall be re-served at the correct address.

4.  A copy of this Order shall be served on all counsel who have appeared in the action

within seven (7) days of receipt thereof by Plaintiff.

_____
                                                                J.S.C.

## CERTIFICATION OF SERVICE

I, Harold M. Hoffman, Esq., hereby certify that the attached **Moving Papers on Plaintiff's Motion to Correct Metadata,** were served upon defendant registered agent on October 22, 2018, via *eCourts* and by prepaid, first class mail, addressed to Wilmington Trust Company, Rodney Square N., 1100 N. Market St., Wilmington, DE 19890.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
HAROLD M. HOFFMAN, ESQ.

Dated: October 22, 2018

BER-DC-016795-18 10/22/2018 12:01:16 PM Pg 1 of 1 Trans ID: SCP20182380664

10/22/2018          Division of Corporations - Filing

Delaware.gov         Governor | General Assembly | Courts | Elected Officials | State Agencies

---

**Department of State: Division of Corporations**

Allowable Characters

| | |
|---|---|
| **HOME** | |
| About Agency | |
| Secretary's Letter | |
| Newsroom | |
| Frequent Questions | |
| Related Links | |
| Contact Us | |
| Office Location | |
| | |
| **SERVICES** | |
| Pay Taxes | |
| File UCC's | |
| Delaware Laws Online | |
| Name Reservation | |
| Entity Search | |
| Status | |
| Validate Certificate | |
| Customer Service Survey | |
| | |
| **INFORMATION** | |
| Corporate Forms | |
| Corporate Fees | |
| UCC Forms and Fees | |
| Taxes | |
| Expedited Services | |
| Service of Process | |
| Registered Agents | |
| GetCorporate Status | |
| Submitting a Request | |
| How to Form a New Business Entity | |
| Certifications, Apostilles & Authentication of Documents | |

Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | **2918322** | Incorporation Date / Formation Date: | **7/7/1998** (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | **NISSAN-INFINITI LT** | | |
| Entity Kind: | **Statutory Trust** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| Name: | **WILMINGTON TRUST COMPANY** | | |
|---|---|---|---|
| Address: | **RODNEY SQUARE NORTH 1100 N. MARKET STREET** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19890** |
| Phone: | **302-636-6543** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [ Submit ]

[ Back to Entity Search ]

---

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

BLANK DIVIDER PAGE

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | HAROLD M HOFFMAN |
| Defendant Name: | NISSAN-INFINITI LT |
| Case Caption: | HOFFMAN VS NISSAN-INFINITI LT |
| Case Number: | BER DC 016795-18 |
| Docket Text: | The motion filed on 10/22/2018 will be decided on 11/07/2018. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO CORRECT METADATA SCP20182380664 |
| Transaction ID: | SCP20182386094 |

**Notice has been electronically mailed to:**
Plaintiff Attorney    HAROLD M HOFFMAN        HOFFMAN.ESQ@VERIZON.NET
                                              HAROLDHOFFMANESQ@GMAIL.COM


**Notice was not electronically mailed to:**
Defendant    NISSAN-INFINITI LT    C/O WILMINGTON TRUST COMPANY, RODNEY SQUARE N., 1100 N. MARKET ST., WILMINGTON, NJ 19890

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For questions, please contact the Superior Court Special Civil Part in county of venue..

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

BLANK DIVIDER PAGE

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 10/29/2018

STATE OF NEW JERSEY:

The following is the delivery information for Certified Mail™/RRE item number 9214 8969 0117 0400 0006 2075 01. Our records indicate that this item was delivered on 10/25/2018 at 11:07 a.m. in WILMINGTON, DE 19801. The scanned image of the recipient information is provided below.

Signature of Recipient :



David Patterson

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:     BERDC01679518

BLANK DIVIDER PAGE

**Harold M. Hoffman, esq.**
Attorney ID # 006531984
240 Grand Avenue
Englewood, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*Attorney for Plaintiff*

|  |  |
|---|---|
| **HAROLD M. HOFFMAN,**<br><br>Plaintiff,<br><br>**-against-**<br><br>**NISSAN-INFINITI LT,**<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>SPECIAL CIVIL PART<br><br>**DOCKET NO.: BER-DC-16795-18**<br><br>CIVIL ACTION<br><br>[PROPOSED] ORDER |

     **THIS MATTER** having come before the Court on motion of Plaintiff, and the Court

having considered all papers and submissions; and good cause appearing, now therefor,

     IT IS on this ____7____ day of ~~October,~~ 2018,
<br>                             November

     **ORDERED** as follows:

     1. Plaintiff's motion pursuant to *R*. 1:5-6, for an order correcting metadata

inadvertently entered upon filing of the Complaint is granted.

     2.    Defendant's address shall be corrected to read: c/o its Registered Agent,

Wilmington Trust Company, Rodney Square N., 1100 N. Market St., Wilmington, DE

19890 (as opposed to Wilmington, NJ).

     3. Defendant shall be re-served at the correct address.

4.  A copy of this Order shall be served on all counsel who have appeared in the action

within seven (7) days of receipt thereof by Plaintiff.


/S/ Joseph G. Monaghan
Joseph G. Monaghan,  J.S.C.

(     )  Opposed

( X )  Unopposed

**BLANK DIVIDER PAGE**

**LINDABURY, McCORMICK,**
    **ESTABROOK & COOPER, P.C.**
ATTORNEYS AT LAW
THOMAS J. SATEARY, ESQ.
ATTORNEY ID NO. 015281989
53 CARDINAL DRIVE
P.O. BOX 2369
WESTFIELD, NEW JERSEY 07091-2369
(908) 233-6800
ATTORNEYS FOR Defendant

| | |
|---|---|
| HAROLD M. HOFFMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>NISSAN-INFINITI, LT,<br><br>                    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - BERGEN COUNTY<br>SPECIAL CIVIL PART<br>DOCKET NO. BER-DC-016795-18<br><br>Civil Action<br><br>**ANSWER, RULE 4:18-2 DOCUMENT<br>DEMAND AND DESIGNATION OF TRIAL<br>COUNSEL ON BEHALF OF DEFENDANT<br>NISSAN-INFINITI, LT** |

          Defendant, Nissan-Infiniti, LT ("NILT"), by way of Answer to the Complaint,

says:

          1.      Defendant NILT is without sufficient knowledge and information upon

which to form a belief as to the truth of the allegations set forth in paragraph 1.

          2.      Defendant NILT admits the allegations set forth in paragraph 2.

          3.      Defendant NILT admits the allegations set forth in paragraph 3.

          4.      Defendant NILT admits that the parties entered into a lease agreement and

the plaintiff is referred to same for its precise terms, scope and conditions.

          5.      Defendant NILT is without sufficient knowledge and information upon

which to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      Defendant NILT admits that the parties entered into a lease agreement and the plaintiff is referred to same for its precise terms, scope and conditions.

7.      Defendant NILT denies the allegations set forth in paragraph 7.

8.      Defendant NILT denies the allegations set forth in paragraph 8.

9.      Defendant NILT denies the allegations set forth in paragraph 9.

10.      Defendant NILT denies the allegations set forth in paragraph 10.

11.      Defendant NILT denies the allegations set forth in paragraph 11.

12.      Defendant NILT denies the allegations set forth in paragraph 12.

13.      Defendant NILT is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 13.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against Defendant NILT.

## SECOND SEPARATE DEFENSE

Defendant NILT at all times relevant hereto complied with all terms and conditions of the Agreements with the Plaintiff.

## THIRD SEPARATE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies and is therefore barred from filing a lawsuit against Defendant NILT.

## FOURTH SEPARATE DEFENSE

NILT's actions do not constitute an unconscionable commercial practice, false promise, misrepresentation or knowing omission of material fact.

2

### FIFTH SEPARATE DEFENSE

The Plaintiff's recovery is barred by the doctrines of unclean hands, laches and estoppel.

### SIXTH SEPARATE DEFENSE

The conduct complained of in the complaint and alleged resulting damages were the result of superseding and intervening acts or omissions by third persons over whom NILT had no control.

### SEVENTH SEPARATE DEFENSE

Any losses suffered by plaintiff were caused by conditions over which NILT had no control.

### EIGHTH SEPARATE DEFENSE

NILT at all relevant times, acted reasonably and in good faith, and with due care for the rights and safety of others and their property.

### NINTH SEPARATE DEFENSE

At all relevant times, NILT complied with all applicable laws, regulations and standards.

### TENTH SEPARATE DEFENSE

NILT could not and did not foresee the risks of the damages or injuries plaintiff alleges.

### ELEVENTH SEPARATE DEFENSE

Plaintiff has failed to plead fraud with the requisite particularity.

3031038v1

WHEREFORE, Defendant Nissan-Infiniti, LT demand judgment in its favor

dismissing the Complaint of the plaintiff, together with costs of suit.


LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
Thomas J. Sateary

Dated:   December 18, 2018

4

RULE 4:18-2 DOCUMENT DEMAND

Pursuant to Rule 4:18-2 the plaintiff is hereby requested to furnish counsel for

defendant within five (5) days after service of the within demand a copy of all documents

referred to in the Complaint.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
Thomas J. Sateary

Dated:  December 18, 2018

DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), notice is hereby given that Thomas J. Sateary, Esq., is

designated as trial counsel in the above-captioned matter.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
Thomas J. Sateary

Dated:    December 18, 2018

5

3031038v1

CERTIFICATION

Pursuant to Rule 4:5-1, I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and no such action or arbitration proceeding is contemplated. I also certify that at this time there are not any non-parties who should be joined in this action pursuant to R. 4:28 or who are subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

I further certify that a copy of the within pleading was served within the time allowed under Rule 4:6, and pursuant to the attached Stipulation Extending Time to Answer.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
         Thomas J. Sateary

Dated:   December 18, 2018

6

## PROOF OF SERVICE

I hereby certify that the within Answer to Complaint has been forwarded, via ELECTRONIC FILING, to the Clerk of the Superior Court, Law Division – SPECIAL CIVIL PART, Bergen County Justice Center, 10 Main Street, Hackensack, New Jersey 07601. A true copy of same has been forwarded, via ELECTRONIC FILING and FIRST CLASS MAIL, to the following, this 18th day of November, 2017:

Harold M. Hoffman, Esq.
240 Grand Avenue
Englewood, New Jersey 07631
Attorney for Plaintiff

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan Motor Acceptance Corp.

By:_____
Thomas J. Sateary

Dated:   December 18, 2018

7

JAMES D. DeROSE, ESQ.
ATTORNEY ID#000721978
LINDABURY, McCORMICK & ESTABROOK
A Professional Corporation
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey   07091
(908) 233-6800
Attorneys for Defendant Nissan-Infiniti, LT

|  |  |  |
|---|---|---|
| HAROLD M. HOFFMAN, | : | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  BERGEN COUNTY<br>SPECIAL CIVIL PART |
| Plaintiff, | : | DOCKET NO.  DC-016795-18 |
| vs. | : | Civil Action |
| NISSAN-INFINITI, LT, | : | STIPULATION EXTENDING<br>TIME TO ANSWER OR |
| Defendant. | : | OTHERWISE MOVE OR PLEAD |

IT IS HEREBY STIPULATED AND AGREED by and between the attorney for
plaintiff and the attorney for defendant, Nissan-Infiniti, LT, that the default entered against
the defendant be vacated and the time within which said defendant may answer, move or
otherwise plead with respect to the Complaint be and is hereby extended to for a period of
thirty (30) days to December 30, 2018.

HAROLD M. HOFFMAN, ESQ.                    LINDABURY, McCORMICK, ESTABROOK
                                           & COOPER

By:_____              By:_____
     HAROLD M. HOFFMAN                          THOMAS J. SATEARY
     Attorney for Plaintiff                     Attorney for Defendant

                                           12/17/18

DATED:     December 17, 2018

83812-1/JDD
3030634v1

BLANK DIVIDER PAGE

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following deficiency notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | HAROLD M HOFFMAN |
| Defendant Name: | NISSAN-INFINITI LT |
| Case Caption: | HOFFMAN VS NISSAN-INFINITI LT |
| Case Number: | BER DC 016795-18 |
| Docket Text: | DEFICIENCY NOTICE: re: ANSWER SCP20182876873 -Defendant has been in default as of 11/30/18. Per R 6:3-1 Stip to Extend Time does not apply to Special Civil Part cases. Please resubmit with the proper pleading to vacate default. - BC |
| Transaction ID: | SCP20182882673 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | HAROLD M HOFFMAN | HOFFMAN.ESQ@VERIZON.NET |
| | | HAROLDHOFFMANESQ@GMAIL.COM |
| | | |
| Filer Attorney | SATEARY, THOMAS, J | TSATEARY@LINDABURY.COM |
| | | JMCMILLAN@LINDABURY.COM |
| | | SANDREACCHI@LINDABURY.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | NISSAN-INFINITI LT | C/O WILMINGTON TRUST COMPANY, RODNEY SQUARE N., 1100 N. MARKET ST., WILMINGTON, DE 19890 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court Special Civil Part in county of venue..

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

BLANK DIVIDER PAGE

JAMES D. DeROSE, ESQ.
ATTORNEY ID#000721978
LINDABURY, McCORMICK & ESTABROOK
A Professional Corporation
53 Cardinal Drive
P.O. Box 2369
Westfield, New Jersey   07091
(908) 233-6800
Attorneys for Defendant Nissan-Infiniti, LT

| | | |
|---|---|---|
| HAROLD M. HOFFMAN, | : | SUPERIOR COURT OF NEW JERSEY |
| | | LAW DIVISION:  BERGEN COUNTY |
| | | SPECIAL CIVIL PART |
| Plaintiff, | : | DOCKET NO.  DC-016795-18 |
| vs. | : | Civil Action |
| NISSAN-INFINITI, LT, | : | CONSENT ORDER VACATING |
| | | DEFAULT AND ALLOWING |
| Defendant. | : | DEFENDANT TO FILE ANSWER |

IT IS HEREBY STIPULATED AND AGREED by and between the attorney for

plaintiff and the attorney for defendant, Nissan-Infiniti, LT, that the default entered against

the defendant on November 30, 2018, be vacated and the time within which said defendant

may answer, move or otherwise plead with respect to the Complaint be and is hereby

extended to _____, 201_.

83812-1/JDD
3030634v1

We hereby consent to the entry
and form of the within Order.

HAROLD M. HOFFMAN, ESQ.

LINDABURY, McCORMICK, ESTABROOK
& COOPER

By: _____ 12-21-18

By: _____

HAROLD M. HOFFMAN
Attorney for Plaintiff

THOMAS J. SATEARY
Attorney for Defendant

DATED:      December 19, 2018

83812-1/JDD
3030634v1

BLANK DIVIDER PAGE

**LINDABURY, McCORMICK,**
    **ESTABROOK & COOPER, P.C.**
ATTORNEYS AT LAW
THOMAS J. SATEARY, ESQ.
ATTORNEY ID NO. 015281989
53 CARDINAL DRIVE
P.O. BOX 2369
WESTFIELD, NEW JERSEY 07091-2369
(908) 233-6800
ATTORNEYS FOR Defendant

|  |  |
|---|---|
| HAROLD M. HOFFMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>NISSAN-INFINITI, LT,<br><br>                Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - BERGEN COUNTY<br>SPECIAL CIVIL PART<br>DOCKET NO. BER-DC-016795-18<br><br>Civil Action<br><br>**ANSWER, RULE 4:18-2 DOCUMENT<br>DEMAND AND DESIGNATION OF TRIAL<br>COUNSEL ON BEHALF OF DEFENDANT<br>NISSAN-INFINITI, LT** |

Defendant, Nissan-Infiniti, LT ("NILT"), by way of Answer to the Complaint, says:

1.     Defendant NILT is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 1.

2.     Defendant NILT admits the allegations set forth in paragraph 2.

3.     Defendant NILT admits the allegations set forth in paragraph 3.

4.     Defendant NILT admits that the parties entered into a lease agreement and the plaintiff is referred to same for its precise terms, scope and conditions.

5.     Defendant NILT is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 5.

3031038v1

6.      Defendant NILT admits that the parties entered into a lease agreement and the plaintiff is referred to same for its precise terms, scope and conditions.

7.      Defendant NILT denies the allegations set forth in paragraph 7.

8.      Defendant NILT denies the allegations set forth in paragraph 8.

9.      Defendant NILT denies the allegations set forth in paragraph 9.

10.     Defendant NILT denies the allegations set forth in paragraph 10.

11.     Defendant NILT denies the allegations set forth in paragraph 11.

12.     Defendant NILT denies the allegations set forth in paragraph 12.

13.     Defendant NILT is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 13.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against Defendant NILT.

## SECOND SEPARATE DEFENSE

Defendant NILT at all times relevant hereto complied with all terms and conditions of the Agreements with the Plaintiff.

## THIRD SEPARATE DEFENSE

The Plaintiff has failed to exhaust his administrative remedies and is therefore barred from filing a lawsuit against Defendant NILT.

## FOURTH SEPARATE DEFENSE

NILT's actions do not constitute an unconscionable commercial practice, false promise, misrepresentation or knowing omission of material fact.

2

3031038v1

## FIFTH SEPARATE DEFENSE

The Plaintiff's recovery is barred by the doctrines of unclean hands, laches and estoppel.

## SIXTH SEPARATE DEFENSE

The conduct complained of in the complaint and alleged resulting damages were the result of superseding and intervening acts or omissions by third persons over whom NILT had no control.

## SEVENTH SEPARATE DEFENSE

Any losses suffered by plaintiff were caused by conditions over which NILT had no control.

## EIGHTH SEPARATE DEFENSE

NILT at all relevant times, acted reasonably and in good faith, and with due care for the rights and safety of others and their property.

## NINTH SEPARATE DEFENSE

At all relevant times, NILT complied with all applicable laws, regulations and standards.

## TENTH SEPARATE DEFENSE

NILT could not and did not foresee the risks of the damages or injuries plaintiff alleges.

## ELEVENTH SEPARATE DEFENSE

Plaintiff has failed to plead fraud with the requisite particularity.

3031038v1

WHEREFORE, Defendant Nissan-Infiniti, LT demand judgment in its favor

dismissing the Complaint of the plaintiff, together with costs of suit.

                                    LINDABURY, McCORMICK,
                                    ESTABROOK & COOPER, P.C.
                                    Attorneys for Defendant
                                    Nissan-Infiniti, LT

                                    By: _____
                                            Thomas J. Sateary

Dated:   December 18, 2018

4

RULE 4:18-2 DOCUMENT DEMAND

Pursuant to Rule 4:18-2 the plaintiff is hereby requested to furnish counsel for defendant within five (5) days after service of the within demand a copy of all documents referred to in the Complaint.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
Thomas J. Sateary

Dated:  December 18, 2018

DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), notice is hereby given that Thomas J. Sateary, Esq., is designated as trial counsel in the above-captioned matter.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
Thomas J. Sateary

Dated:    December 18, 2018

5

3031038v1

CERTIFICATION

Pursuant to Rule 4:5-1, I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and no such action or arbitration proceeding is contemplated. I also certify that at this time there are not any non-parties who should be joined in this action pursuant to R. 4:28 or who are subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

I further certify that a copy of the within pleading was served within the time allowed under Rule 4:6, and pursuant to the attached Stipulation Extending Time to Answer.

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan-Infiniti, LT

By: _____
Thomas J. Sateary

Dated:   December 18, 2018

3031038v1

<u>PROOF OF SERVICE</u>

I hereby certify that the within Answer to Complaint has been forwarded, via ELECTRONIC FILING, to the Clerk of the Superior Court, Law Division – SPECIAL CIVIL PART, Bergen County Justice Center, 10 Main Street, Hackensack, New Jersey 07601. A true copy of same has been forwarded, via ELECTRONIC FILING and FIRST CLASS MAIL, to the following, this 18th day of November, 2017:

Harold M. Hoffman, Esq.
240 Grand Avenue
Englewood, New Jersey 07631
Attorney for Plaintiff

LINDABURY, McCORMICK,
ESTABROOK & COOPER, P.C.
Attorneys for Defendant
Nissan Motor Acceptance Corp.

By: _____
Thomas J. Sateary

Dated:   December 18, 2018

3031038v1

BLANK DIVIDER PAGE

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following filing type change notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | HAROLD M HOFFMAN |
| Defendant Name: | NISSAN-INFINITI LT |
| Case Caption: | HOFFMAN VS NISSAN-INFINITI LT |
| Case Number: | Special Civil Court: BER DC 016795-18 |
| Docket Text: | CORRECTION: : re: SCP20182922759 CONSENT ORDER submitted by SATEARY, THOMAS, J on behalf of LINDABURY MCCORMICK ESTABROOK & COOPER on behalf of NISSAN-INFINITI LT against HAROLD M HOFFMAN Filing Type has been changed to ORDER - NO MOTION by Case Management Staff |
| Transaction ID: | SCP20182939082 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | HAROLD M HOFFMAN | HOFFMAN.ESQ@VERIZON.NET |
| | | HAROLDHOFFMANESQ@GMAIL.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | NISSAN-INFINITI LT | C/O WILMINGTON TRUST COMPANY, RODNEY SQUARE N., 1100 N. MARKET ST., WILMINGTON, DE 19890 |

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For any additional questions, please contact the Superior Court of New Jersey - Special Civil Part.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

BLANK DIVIDER PAGE

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

| | |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated, | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY SPECIAL CIVIL PART |
| Plaintiff, | **DOCKET NO.: BER-DC-16795-18** |
| **-against-** | CIVIL ACTION |
| **NISSAN-INFINITI LT**, | **AMENDED COMPLAINT AND JURY DEMAND IN CLASS ACTION** |
| Defendant. | |

## OVERVIEW

By this civil action, Plaintiff brings claims on his own behalf and on behalf of those similarly situated (the "Class"), to redress financial injury inflicted by Defendant on its vehicle lessees throughout the nation by way of an orchestrated and cynically executed scam, carried out through misrepresentation, deception and material concealment. The goal of the scam, which has vastly enriched Defendant, was to dupe lessees of Defendant's vehicles into paying arbitrary and indeed fabricated "excessive wear and use" charges at the conclusion of a vehicle lease term.

1

As we show, Defendant's conduct and scheme stands "outside the norm of reasonable business practice." *See, Turf Lawnmower Repair, Inc. v. Bergen Record Corp.,* 139 N.J. 392, 416 (1995), *cert. denied,* 516 U.S. 1066 (1996). *See also, Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161 (3d Cir. 1998) (lack of full disclosure and honesty constitutes an unconscionable practice under the New Jersey *Consumer Fraud Act*).

The putative class comprises nationwide lessees of Nissan/Infiniti vehicles, during the six year period preceding the filing of this suit, whose leases concluded with an assessment by Defendant of charges labeled as "excessive wear and use" of the leased vehicle.

1.      At all times relevant, Plaintiff **Harold M. Hoffman** was a resident of Bergen County New Jersey.

2.      At all times relevant, Defendant **Nissan-Infiniti LT** was a trust and/or corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located in Franklin, TN.

3.      Defendant advertised, marketed, distributed and leased its vehicles in commerce throughout the United States, including the State of New Jersey.

4.      At all relevant times, Plaintiff was a vehicle lessee, with a residence in the State of New Jersey, County of Bergen.

2

5.      At all relevant times, Defendant constituted a "person" as defined in the New

Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1(d).

6.      In May of 2015, Plaintiff leased a 2015 Infiniti Q50 sedan, for a 39-month lease

term, from an Infiniti dealership called Kings Infiniti, Inc. ("Kings"), located in Brooklyn,

New York. In that connection, Plaintiff and Kings entered into a written lease agreement

dated May 26, 2015 (the "Lease"). Thereafter, Kings, as Lessor, assigned its interest in the

Lease to Defendant. The Lease concluded, by its terms, in August of 2018.

7.      The Lease, in a mandatory *form* prepared and utilized by Defendant for all

of its vehicle leases, provides that Defendant may, at the end of the lease term, assess and

bill charges related to "excessive wear and use" of the leased vehicle. The term *excessive*

*wear and use* is not defined and/or distinguished from **ordinary** wear and use of a vehicle

during the term of the lease.

8.      Defendant had the Plaintiff's leased vehicle inspected in August 2018 and

thereafter billed the Plaintiff, in September of 2018, for alleged *excessive wear and use* in a

sum exceeding $1,200.00.

9.      As noted, the Lease fails to define the term *excessive wear and use*, or to

distinguish it, in any fashion, from ordinary and/or customary *wear and use* attributable to

3

a vehicle in ordinary and/or customary use for a 39-month lease period.

10.    The wear and use found by Defendant to constitute *excessive wear and use*, resulting in charges to Plaintiff exceeding $1,200.00, was an arbitrary, self-serving finding by Defendant.

11.    The wear and use found by Defendant to constitute *excessive wear and use*, resulting in charges to Plaintiff exceeding $1,200.00, was not "excessive," but rather normal, ordinary and customary wear and use of a vehicle in use by a lessee over the course of a 39-month lease period.

12.    Defendant expends no sum at all devoted to repair of leased vehicles, including but not limited to Plaintiff's leased vehicle, attributable to the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant customarily imposes on vehicle lessees at the end of the lease term.

13.    Defendant, at the end of vehicle lease terms, sells its leased vehicles at periodic mass auction. The sales price derived by Defendant for previously leased vehicles sold at such auctions is not diminished by the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant imposes on vehicle lessees at the end of lease terms.

14.    Defendant's *excessive wear and use* scam, as outlined above, is an artifice

4

employed by Defendant to profit at the expense of its lessees, including Plaintiff, in breach of its lease agreements with its lessees, including but not limited to Plaintiff herein.

15.    Defendant's *excessive wear and use* scam, as outlined above, is an artifice employed by Defendant to illicitly exploit and financially defraud its lessees, including but not limited to the Plaintiff herein.

16.    Defendant's *excessive wear and use* scam, as outlined above, violates the New Jersey *Consumer Fraud Act.*

17.    Defendant's *excessive wear and use* scam, as outlined above, has enabled Defendant to dupe its hard-working vehicle lessees out of millions of dollars during the class period.

18.    Plaintiff brings this suit to recover funds taken by Defendant as a consequence of its *excessive wear and use* scam.

19.    Lessees of Defendant's vehicles had the right to rely on Defendant's integrity in executing vehicle leases and are entitled to be protected from paying subjectively fabricated charges for alleged *excessive wear and use* of a leased vehicle which differs in no material respect from **ordinary** wear and use that eventuates during a vehicle lease term.

5

20.     U.S. consumers made leasing decisions and did, in fact, enter into leases with Defendant in reliance upon Defendant's reputation and integrity, and confidence that cooked-up, fabricated charges would not be inflicted upon them at the conclusion of the lease period.

21.     Defendant has affirmatively misrepresented and misapplied, for its own pecuniary benefit, the so-called excessive wear and use provision of its vehicle Leases.

22.     Defendant's promises and representations concerning the terms of its vehicle Leases and the attendant *excessive wear and use* charges are illegal, false and constitute a deception; a misrepresentation; an unconscionable trade practice; a sharp and deceitful marketplace practice, and are a false promise.

23.     Defendant's promises and representations concerning the terms of its vehicle Leases and attendant *excessive wear and use* charges result in nationwide vehicle lessees being subjected to misrepresentation, false promise, fraud, deceit, trickery and falsehood.

24.     Defendant has made affirmative misrepresentations and has engaged in concealment of material facts in connection with its vehicle leases and attendant *excessive wear and use* charges .

25.     Members of the putative class suffered ascertainable loss in the form of actual

6

out of pocket payment and expenditure, as aforesaid, as a result of Defendants' unlawful conduct as aforesaid.

26.     There is a direct causal relationship between the Defendant's scam and the loss suffered by plaintiff and class members.

## CLASS ALLEGATIONS

27.     Plaintiff brings this suit as a class action individually and in behalf of others similarly situated pursuant to New Jersey Court Rule 4:32.   Subject to additional information obtained through further investigation and/or discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of nationwide lessees of Nissan/Infiniti vehicles, during the six year period preceding the filing of this suit, whose leases concluded with an assessment by Defendant of arbitrary charges labeled as "excessive wear and use" of the leased vehicle. This action has been brought and may properly be maintained as a class action pursuant to New Jersey Court Rule 4:32.

**Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised vehicle lessees throughout the United States.

**Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual

7

Class members, and focus on the arbitrary imposition of so-called excessive wear and use charges.

**Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Class, was subjected to arbitrary, excessive wear and use charges. Plaintiff is advancing claims and legal theories typical to the Class.

**Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class.  Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

28.     Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action.  Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff is also an experienced attorney who has been previously appointed class counsel for certified classes of consumers by both state and federal courts.  Thus, Plaintiff is a qualified and suitable attorney to also serve as class counsel. Should the Court require same as a condition to class certification, Plaintiff is prepared to identify a suitable alternative class representative.

8

29.     This suit may be maintained as a class action because Defendant has acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate.

30.     Plaintiff does not presently seek injunctive relief.

31.     **Superiority**: In addition, this suit may be maintained as a class action because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to vehicle lessees throughout the United States who leased vehicles from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually effectively and cost-efficiently to redress Defendant's wrongful conduct.  Individual litigation would enhance delay and expense to all parties.  The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

9

## COUNT I

32.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

33.     Defendant's conduct constitutes an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

33.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT II

34.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

35.     Defendant's conduct constitutes deception in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

36.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT III

37.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

38.     Defendant's conduct constitutes fraud in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

39.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

11

## COUNT IV

40.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

41.     Defendant's conduct constitutes false pretense, false promise and/or misrepresentation, in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

42.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT V

43.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

44.     Defendant's conduct constitutes knowing concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon such concealment, suppression and/or omission, in connection with the sale or advertisement of any merchandise in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

12

45.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

### JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

### TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, the Court is respectfully advised that Harold M. Hoffman, Esq., is hereby designated as trial counsel in behalf of plaintiff.

### CERTIFICATION PURSUANT TO RULE 4:5-1

Harold M. Hoffman, counsel for plaintiff, hereby certifies that the matter in controversy is not the subject of any other known pending action in this or any other Court or any pending arbitration, nor is any other action or arbitration known to be contemplated. At this time, no other known party, other than members of the class, are anticipated for joinder.

13

I certify that the foregoing is true to the best of my knowledge.  I am aware that

if any of the foregoing is wilfully false, I am subject to punishment.

_____

Harold M. Hoffman, Esq.

*Counsel for Plaintiff*

Dated:  December 27, 2018

14



| Court's Address and Phone Number: | Superior Court of New Jersey |
|---|---|
| BERGEN Special Civil Part<br>10 MAIN STREET, ROOM 427<br>HACKENSACK, NJ 07601-0000<br><br>201-221-0700 | **Law Division, Special Civil Part**<br>**BERGEN** County<br>Docket No: **BER-DC-016795-18**<br><br>**Civil Action**<br><br>**CONTRACT DISPUTE** |

## YOU ARE BEING SUED!

| **Person or Business Suing You (***Plaintiff***)** | **Person or Business Being Sued (***Defendant***)** |
|---|---|
| HAROLD M HOFFMAN | NISSAN-INFINITI LT |
| **Plaintiff's Attorney Information** | **The Person or Business Suing You Claims You Owe the** |
| HAROLD M HOFFMAN | **Following:** |

| | |
|---|---|
| HAROLD M. HOFFMAN | Demand Amount $15000.00 |
| 240 GRAND AVE | Filing Fee $.00 |
| ENGLEWOOD, NJ 07631-4352 | Service Fee $.00 |
| 201-569-0086 | Attorney's Fees $0.00 |
| | **TOTAL** **$15000.00** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE** WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 02/19/2019, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:

1.  *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
    - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include **BER-DC-016795-18** (your Docket Number) on the check.
    - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
    - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before 02/19/2019.

2.  *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before 02/19/2019.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 201-487-2166. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-488-0044. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/S/ Michelle Smith

Clerk of the Superior Court



| Dirección y teléfono del tribunal<br>Parte Civil Especial de BERGEN<br>10 MAIN STREET, ROOM 427<br>HACKENSACK, NJ 07601-0000<br>201-221-0700 | El Tribunal Superior de Nueva Jersey<br>**División de Derecho, Parte Civil Especial**<br>Condado de **BERGEN**<br>Número del expediente **BER-DC-016795-18**<br>Demanda de Acción Civil<br>**NOTIFICACIÓN DE DEMANDA**<br>**CONTRACT DISPUTE** |
|---|---|

## ¡LE ESTÁN DEMANDANDO!

| Persona o entidad comercial que le está demandando *(el demandante)*<br>HAROLD M HOFFMAN<br><br>**Información sobre el abogado del demandante**<br>HAROLD M HOFFMAN<br>HAROLD M. HOFFMAN<br>240 GRAND AVE<br>ENGLEWOOD, NJ 07631-4352<br>201-569-0086 | Persona o comercial ser demandada *(el demandado)*<br>NISSAN-INFINITI LT |
|---|---|

La persona o comercial que le está demandando afirma que usted le debe lo siguiente:

| | |
|---|---|
| Cantidad a la vista | $15000.00 |
| Tasa judicial | $.00 |
| Cargo del emplazamiento | $.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$15000.00** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 02/19/2019 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED NO ESTÁ DE ACUERDO CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS O LAS DOS:**

1.  *Responder a la demanda.* Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
    *   Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "*Treasurer, State of New Jersey* " (Tesorero del Estado de Nueva Jersey). Incluya **BER-DC-016795-18** (el número de su expediente) en el cheque.
    *   Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
    *   Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el 02/19/2019.

2.  *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el 02/19/2019.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 201-487-2166. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 201-488-0044. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/S/ Michelle Smith

Subsecretario(a) del Tribunal Superior

BLANK DIVIDER PAGE

**SUPERIOR COURT OF NEW JERSEY - eCOURTS**

The following clerk notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | HAROLD M HOFFMAN |
| Defendant Name: | NISSAN-INFINITI LT |
| Case Caption: | HOFFMAN VS NISSAN-INFINITI LT |
| Case Number: | BER DC 016795-18 |
| Docket Text: | **CLERK NOTICE**: re: AMENDED COMPLAINT SCP20182942841 -Duplicate. |
| Transaction ID: | SCP201946105 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | HAROLD M HOFFMAN | HOFFMAN.ESQ@VERIZON.NET |
| | | HAROLDHOFFMANESQ@GMAIL.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | NISSAN-INFINITI LT | C/O WILMINGTON TRUST COMPANY, RODNEY SQUARE N., 1100 N. MARKET ST., WILMINGTON, DE 19890 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court Special Civil Part in county of venue..

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

BLANK DIVIDER PAGE

```
BERGEN SPECIAL CIVIL PART          :
BERGEN COUNTY COURTHOUSE           :
BERGEN COUNTY JUSTICE CENTER       :
HACKENSACK NJ 07601-7680           :
(201) 221-0700                     :
CASE NUMBER:
  BER DC-016795-18                 :
HOFFMAN                            :
  VS            CV0211  : JANUARY 07, 2019
NISSAN-INFINITI LT                 :
                                   :
                                   :
A SUMMONS WAS MAILED TO            : HAROLD M HOFFMAN
NISSAN-INFINITI LT                 : HAROLD M. HOFFMAN
ON 01-09-19 FOR                    : 240 GRAND AVE
CASE DC-016795-18.                 :
UNLESS OTHERWISE NOTIFIED,         : ENGLEWOOD NJ
THIS CASE WILL DEFAULT             :
ON 02-19-2019.                     :               07631-4352
                                   :
                                   :
                                   :
                                   :
                                   :
```

# BLANK DIVIDER PAGE

**HAROLD M. HOFFMAN, ESQ.**
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

|  |  |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> **NISSAN-INFINITI LT,** <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY <br> SPECIAL CIVIL PART <br><br> **DOCKET NO.: BER-DC-16795-18** <br><br> CIVIL ACTION |

**PLAINTIFF'S CERTIFICATION, PURSUANT TO *RULE* 6:4-1(b),
FOR REMOVAL OF THIS ACTION TO THE CIVIL PART
<u>OF THE BERGEN COUNTY LAW DIVISION</u>**

Harold M. Hoffman, hereby certifies as follows:

1. I am the named Plaintiff in this civil action. I am also admitted to practice

before the courts of this State.  I respectfully submit this certification, on personal

knowledge, in support of my application under *Rule* 6:4-1(b) for removal of this action

to the Civil Part of the Bergen County Law Division, on the ground that the amount of

1

the claim, as stated in Plaintiff's *Amended Complaint*, when established by proof, will

exceed the sum or value constituting the monetary limit of the Special Civil Part.

2.   This Certification is filed in good faith and not for the purpose of delay. This

case is in a very early stage. Indeed, Defendant, which has appeared by counsel, has not

yet filed its Answer to the Amended Complaint.

3.   As required by *Rule* 6:4-1(b), Plaintiff intends to file and serve his motion for

transfer in the Bergen County Law Division.

I certify that the foregoing statements made by me are true. I am aware that if

any of the foregoing statements made by me are wilfully false, I am subject to

punishment.

_____

Harold M. Hoffman

Dated: January 21, 2019

2

BLANK DIVIDER PAGE

## Case Summary

**Case Number:** BER L-000561-19

**Case Caption:** Hoffman Harold Vs Nissan-Infiniti Lt

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Bergen | **Case Initiation Date:** 01/22/2019 |
| **Case Type:** Contract/Commercial Transaction | **Case Status:** Active | **Jury Demand:** None |
| **Case Track:** 2 | **Judge:** John D Odwyer | **Team:** 2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** No |

### Plaintiffs
### Harold M Hoffman

| | | |
|---|---|---|
| **Party Description:** Attorney | | **Attorney Name:** Harold M Hoffman |
| **Address Line 1:** 240 Grand Ave | **Address Line 2:** | **Attorney Bar ID:** 006531984 |
| **City:** Englewood | **State:** NJ | **Zip:** 07631 | **Phone:** (201) 569-0086 |
| **Attorney Email:** HOFFMAN.ESQ@VERIZON.NET | | |

### Defendants
### Nissan-Infiniti Lt

| | | |
|---|---|---|
| **Party Description:** Corp | | **Attorney Name:** |
| **Address Line 1:** C/O Thomas J. Sateary, Esq. | **Address Line 2:** 53 Cardinal Dr. | **Attorney Bar ID:** |
| **City:** Westfield | **State:** NJ | **Zip:** 07091 | **Phone:** (908) 233-6800 |
| **Attorney Email:** | | |

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 1/22/2019 | Notice of Motion for BER-L-000561-19 submitted by HOFFMAN, HAROLD M, HAROLD M. HOFFMAN on behalf of HAROLD M HOFFMAN against NISSAN-INFINITI LT | LCV2019135147 | 1/22/2019 |
| 1/22/2019 | CERTIFICATION submitted by HOFFMAN, HAROLD, M of HAROLD M. HOFFMAN on behalf of HAROLD M HOFFMAN against NISSAN-INFINITI LT | LCV2019135204 | 1/22/2019 |

BLANK DIVIDER PAGE

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

| | |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated, | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY LAW DIVISION |
| Plaintiff, | **Docket No. BER-L-_____-19** |
| -against- | [Case Presently Pending in SPECIAL CIVIL PART DOCKET NO.: BER-DC-16795-18] |
| **NISSAN-INFINITI LT,** | |
| Defendant. | CIVIL ACTION |

## NOTICE OF MOTION FOR TRANSFER TO THE LAW DIVISION OF A CIVIL ACTION PENDING IN SPECIAL CIVIL PART

**PLEASE TAKE NOTICE** that on a date and time to be fixed by the Court,

Plaintiff will move for an order pursuant to *R.* 6:4-1(b) transferring this action, presently

pending in Special Civil Part, to the Law Division on the ground that the amount of the

claim, as stated in Plaintiff's *Amended Complaint*, when established by proof, will exceed

the sum or value constituting the monetary limit of the Special Civil Part.

**PLEASE TAKE FURTHER NOTICE** that in support of his motion, Plaintiff will rely upon the accompanying Certification, with exhibits.

**PLEASE TAKE FURTHER NOTICE** that pursuant to *R.* 1:6-2, a proposed form of Order is submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that oral argument is respectfully requested in the event that opposition to this motion is timely filed.

_____
Harold M. Hoffman

Dated: January 22, 2019

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

|  |  |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>**NISSAN-INFINITI LT**,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>SPECIAL CIVIL PART<br><br>**DOCKET NO.: BER-DC-16795-18**<br><br>CIVIL ACTION |

**PLAINTIFF'S CERTIFICATION, PURSUANT TO *RULE* 6:4-1(b),**
**FOR REMOVAL OF THIS ACTION TO THE CIVIL PART**
**OF THE BERGEN COUNTY LAW DIVISION**

Harold M. Hoffman, hereby certifies as follows:

1. I am the named Plaintiff in this civil action. I am also admitted to practice

before the courts of this State. I respectfully submit this certification, on personal

knowledge, in support of my application under *Rule* 6:4-1(b) for removal of this action

to the Civil Part of the Bergen County Law Division, on the ground that the amount of

1

the claim, as stated in Plaintiff's *Amended Complaint*, when established by proof, will

exceed the sum or value constituting the monetary limit of the Special Civil Part.

2.  This Certification is filed in good faith and not for the purpose of delay. This

case is in a very early stage. Indeed, Defendant, which has appeared by counsel, has not

yet filed its Answer to the Amended Complaint.

3.  As required by *Rule* 6:4-1(b), Plaintiff intends to file and serve his motion for

transfer in the Bergen County Law Division.

I certify that the foregoing statements made by me are true. I am aware that if

any of the foregoing statements made by me are wilfully false, I am subject to

punishment.

_____

Harold M. Hoffman

Dated: January 21, 2019

2

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
ATTORNEY FOR PLAINTIFF

---

| | |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated, | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY LAW DIVISION |
| Plaintiff, | **Docket No. BER-L-_____-19** |
| -against- | [Case Presently Pending in SPECIAL CIVIL PART DOCKET NO.: BER-DC-16795-18] |
| **NISSAN-INFINITI LT,** | |
| Defendant. | CIVIL ACTION |
| | **[PROPOSED] ORDER** |

**THIS MATTER** having come before the Court on motion of Plaintiff, and the

Court having considered the papers and submissions of all parties and the arguments of

counsel; and good cause appearing, now therefor,

**IT IS** on this _____ day of February, 2019,

**ORDERED** as follows:

1. Plaintiff's motion pursuant to R. 6:4-1(b) is granted, and the pending Special Civil Part action denominated as DOCKET NO.: BER-DC-16795-18 shall be removed and transferred to the Bergen County Law Division.

2. The Special Civil Part shall transmit all papers on file, together with copies thereof, to the Bergen County Law Division.

3. A copy of this Order shall be served on all counsel within seven (7) days of receipt thereof by Plaintiff.

_____

J.S.C.

## CERTIFICATION OF SERVICE

I, Harold M. Hoffman, Esq., hereby certify that the attached Moving Papers on

Plaintiff's Motion to remove / transfer Special Civil Part action to the Bergen County

Law Division, were served upon counsel for defendant on January 22, 2019, via prepaid,

first class mail, addressed to:

>Thomas J. Sateary, Esq.
>Lindabury, McCormick, Estabrook & Cooper, P.C.
>53 Cardinal Drive
>P.O. Box 2369
>Westfield, NJ 07091-2369

I certify that the foregoing statements made by me are true. I am aware that if

any of the foregoing statements made by me are wilfully false, I am subject to

punishment.

_____

HAROLD M. HOFFMAN, ESQ.

Dated: January 22, 2019

HAROLD M. HOFFMAN, ESQ.
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated,<br><br>          Plaintiff,<br><br>     **-against-**<br><br>**NISSAN-INFINITI LT,**<br><br>          Defendant. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>SPECIAL CIVIL PART<br><br>**DOCKET NO.: BER-DC-16795-18**<br><br>CIVIL ACTION<br><br>**AMENDED COMPLAINT AND JURY DEMAND IN CLASS ACTION** |

## OVERVIEW

By this civil action, Plaintiff brings claims on his own behalf and on behalf of

those similarly situated (the "Class"), to redress financial injury inflicted by Defendant

on its vehicle lessees throughout the nation by way of an orchestrated and cynically

executed scam, carried out through misrepresentation, deception and material

concealment. The goal of the scam, which has vastly enriched Defendant, was to dupe

lessees of Defendant's vehicles into paying arbitrary and indeed fabricated "excessive

wear and use" charges at the conclusion of a vehicle lease term.

1

As we show, Defendant's conduct and scheme stands "outside the norm of reasonable business practice." *See, Turf Lawnmower Repair, Inc. v. Bergen Record Corp.,* 139 N.J. 392, 416 (1995), *cert. denied,* 516 U.S. 1066 (1996). *See also, Van Holt v. Liberty Mut. Fire Ins. Co.,* 163 F.3d 161 (3d Cir. 1998) (lack of full disclosure and honesty constitutes an unconscionable practice under the New Jersey *Consumer Fraud Act*).

The putative class comprises nationwide lessees of Nissan/Infiniti vehicles, during the six year period preceding the filing of this suit, whose leases concluded with an assessment by Defendant of charges labeled as "excessive wear and use" of the leased vehicle.

1.     At all times relevant, Plaintiff **Harold M. Hoffman** was a resident of Bergen County New Jersey.

2.     At all times relevant, Defendant **Nissan-Infiniti LT** was a trust and/or corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located in Franklin, TN.

3.     Defendant advertised, marketed, distributed and leased its vehicles in commerce throughout the United States, including the State of New Jersey.

4.     At all relevant times, Plaintiff was a vehicle lessee, with a residence in the State of New Jersey, County of Bergen.

2

5.      At all relevant times, Defendant constituted a "person" as defined in the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-1(d).

6.      In May of 2015, Plaintiff leased a 2015 Infiniti Q50 sedan, for a 39-month lease term, from an Infiniti dealership called Kings Infiniti, Inc. ("Kings"), located in Brooklyn, New York. In that connection, Plaintiff and Kings entered into a written lease agreement dated May 26, 2015 (the "Lease"). Thereafter, Kings, as Lessor, assigned its interest in the Lease to Defendant. The Lease concluded, by its terms, in August of 2018.

7.      The Lease, in a mandatory *form* prepared and utilized by Defendant for all of its vehicle leases, provides that Defendant may, at the end of the lease term, assess and bill charges related to "excessive wear and use" of the leased vehicle. The term *excessive wear and use* is not defined and/or distinguished from **ordinary** wear and use of a vehicle during the term of the lease.

8.      Defendant had the Plaintiff's leased vehicle inspected in August 2018 and thereafter billed the Plaintiff, in September of 2018, for alleged *excessive wear and use* in a sum exceeding $1,200.00.

9.      As noted, the Lease fails to define the term *excessive wear and use*, or to distinguish it, in any fashion, from ordinary and/or customary *wear and use* attributable to

3

a vehicle in ordinary and/or customary use for a 39-month lease period.

10.     The wear and use found by Defendant to constitute *excessive wear and use*, resulting in charges to Plaintiff exceeding $1,200.00, was an arbitrary, self-serving finding by Defendant.

11.      The wear and use found by Defendant to constitute *excessive wear and use*, resulting in charges to Plaintiff exceeding $1,200.00, was not "excessive," but rather normal, ordinary and customary wear and use of a vehicle in use by a lessee over the course of a 39-month lease period.

12.     Defendant expends no sum at all devoted to repair of leased vehicles, including but not limited to Plaintiff's leased vehicle, attributable to the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant customarily imposes on vehicle lessees at the end of the lease term.

13.     Defendant, at the end of vehicle lease terms, sells its leased vehicles at periodic mass auction. The sales price derived by Defendant for previously leased vehicles sold at such auctions is not diminished by the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant imposes on vehicle lessees at the end of lease terms.

14.     Defendant's *excessive wear and use* scam, as outlined above, is an artifice

4

employed by Defendant to profit at the expense of its lessees, including Plaintiff, in breach

of its lease agreements with its lessees, including but not limited to Plaintiff herein.

15.     Defendant's *excessive wear and use* scam, as outlined above, is an artifice

employed by Defendant to illicitly exploit and financially defraud its lessees, including but

not limited to the Plaintiff herein.

16.     Defendant's *excessive wear and use* scam, as outlined above, violates the New

Jersey *Consumer Fraud Act*.

17.     Defendant's *excessive wear and use* scam, as outlined above, has enabled

Defendant to dupe its hard-working vehicle lessees out of millions of dollars during the

class period.

18.     Plaintiff brings this suit to recover funds taken by Defendant as a

consequence of its *excessive wear and use* scam.

19.     Lessees of Defendant's vehicles had the right to rely on Defendant's integrity

in executing vehicle leases and are entitled to be protected from paying subjectively

fabricated charges for alleged *excessive* wear and use of a leased vehicle which differs in no

material respect from **ordinary** wear and use that eventuates during a vehicle lease term.

5

20.     U.S. consumers made leasing decisions and did, in fact, enter into leases with Defendant in reliance upon Defendant's reputation and integrity, and confidence that cooked-up, fabricated charges would not be inflicted upon them at the conclusion of the lease period.

21.     Defendant has affirmatively misrepresented and misapplied, for its own pecuniary benefit, the so-called excessive wear and use provision of its vehicle Leases.

22.     Defendant's promises and representations concerning the terms of its vehicle Leases and the attendant *excessive wear and use* charges are illegal, false and constitute a deception; a misrepresentation; an unconscionable trade practice; a sharp and deceitful marketplace practice, and are a false promise.

23.     Defendant's promises and representations concerning the terms of its vehicle Leases and attendant *excessive wear and use* charges result in nationwide vehicle lessees being subjected to misrepresentation, false promise, fraud, deceit, trickery and falsehood.

24.     Defendant has made affirmative misrepresentations and has engaged in concealment of material facts in connection with its vehicle leases and attendant *excessive wear and use* charges .

25.     Members of the putative class suffered ascertainable loss in the form of actual

6

out of pocket payment and expenditure, as aforesaid, as a result of Defendants' unlawful conduct as aforesaid.

26.    There is a direct causal relationship between the Defendant's scam and the loss suffered by plaintiff and class members.

## CLASS ALLEGATIONS

27.    Plaintiff brings this suit as a class action individually and in behalf of others similarly situated pursuant to New Jersey Court Rule 4:32.   Subject to additional information obtained through further investigation and/or discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of nationwide lessees of Nissan/Infiniti vehicles, during the six year period preceding the filing of this suit, whose leases concluded with an assessment by Defendant of arbitrary charges labeled as "excessive wear and use" of the leased vehicle. This action has been brought and may properly be maintained as a class action pursuant to New Jersey Court Rule 4:32.

**Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised vehicle lessees throughout the United States.

**Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual

7

Class members, and focus on the arbitrary imposition of so-called excessive wear and use charges.

**Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Class, was subjected to arbitrary, excessive wear and use charges. Plaintiff is advancing claims and legal theories typical to the Class.

**Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

28.     Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff is also an experienced attorney who has been previously appointed class counsel for certified classes of consumers by both state and federal courts. Thus, Plaintiff is a qualified and suitable attorney to also serve as class counsel. Should the Court require same as a condition to class certification, Plaintiff is prepared to identify a suitable alternative class representative.

8

29.     This suit may be maintained as a class action because Defendant has acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate.

30.     Plaintiff does not presently seek injunctive relief.

31.     **Superiority**: In addition, this suit may be maintained as a class action because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to vehicle lessees throughout the United States who leased vehicles from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually effectively and cost-efficiently to redress Defendant's wrongful conduct.  Individual litigation would enhance delay and expense to all parties.  The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

9

## COUNT I

32.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

33.     Defendant's conduct constitutes an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

33.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT II

34.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

35.     Defendant's conduct constitutes deception in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

36.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT III

37.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

38.     Defendant's conduct constitutes fraud in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

39.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT IV

40.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

41.     Defendant's conduct constitutes false pretense, false promise and/or misrepresentation, in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

42.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT V

43.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

44.     Defendant's conduct constitutes knowing concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon such concealment, suppression and/or omission, in connection with the sale or advertisement of any merchandise in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

12

45.     As a proximate result of Defendant's conduct, plaintiff and members of the class were damaged.

**WHEREFORE**, plaintiff, individually and in behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## JURY DEMAND

Demand is hereby made for trial by jury as to all issues.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, the Court is respectfully advised that Harold M. Hoffman, Esq., is hereby designated as trial counsel in behalf of plaintiff.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Harold M. Hoffman, counsel for plaintiff, hereby certifies that the matter in controversy is not the subject of any other known pending action in this or any other Court or any pending arbitration, nor is any other action or arbitration known to be contemplated. At this time, no other known party, other than members of the class, are anticipated for joinder.

13

I certify that the foregoing is true to the best of my knowledge.  I am aware that

if any of the foregoing is wilfully false, I am subject to punishment.

_____

Harold M. Hoffman, Esq.

*Counsel for Plaintiff*

Dated:  December 27, 2018

14

BLANK DIVIDER PAGE

**HAROLD M. HOFFMAN, ESQ.**
ATTORNEY ID # 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 569-0086
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF*

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION |
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated, | **Docket No. BER-L-_____-19** |
| Plaintiff, | [Case Presently Pending in<br>SPECIAL CIVIL PART<br>DOCKET NO.: BER-DC-16795-18] |
| -against- | |
| **NISSAN-INFINITI LT,** | |
| Defendant. | CIVIL ACTION |

## PLAINTIFF'S <u>CORRECTED</u> CERTIFICATION IN SUPPORT OF MOTION FOR REMOVAL OF THIS ACTION TO THE CIVIL PART OF THE BERGEN COUNTY LAW DIVISION PURSUANT TO *RULE* 6:4-1(b)

Harold M. Hoffman, hereby certifies as follows:

1. I am the named Plaintiff in this civil action. I am also admitted to practice

before the courts of this State.  I respectfully submit this certification, on personal

knowledge, in support of my application under *Rule* 6:4-1(b), for removal / transfer of

1

this action to the Civil Part of the Bergen County Law Division, on the ground that the amount of the claim, as stated in Plaintiff's *Amended Complaint*, when established by proof, will exceed the sum or value constituting the monetary limit of the Special Civil Part.

2. As required by *R.* 6:4-1(b), on January 21, 2019, I served counsel for Defendant and filed in the Special Civil Part a certification stating my belief that the amount of the claim alleged in the Amended Complaint, when established by proof, will exceed the sum or value constituting the monetary limit of the Special Civil Part, and further certifying that my filing was made in good faith and not for the purpose of delay.

3. This case is at a very early stage. My original complaint was filed in Special Civil Part on October 19, 2018. The original complaint alleged that Defendant Nissan-Infiniti LT had engaged in a fraudulent scheme to defraud the Plaintiff, a lessee of an Infiniti motor vehicle, by charging sums at the end of the lease term falsely attributable to *excessive wear and use* of the vehicle.

4. The vehicle lease signed by the parties fails to define the term *excessive wear and use*, or to distinguish it in any fashion, from ordinary and/or customary *wear and use* attributable to a vehicle in ordinary and customary use for a 39-month lease period. The original complaint alleged that Defendant expends no sums at all devoted to repair of its leased vehicles, including but not limited to Plaintiff's leased vehicle, attributable to

2

the arbitrary, bogus and fabricated *excessive wear and use* charges that Defendant

imposes; and, that Defendant is using the *excessive wear and use* clause as a scheme to

defraud its vehicle lessees, including Plaintiff.

5.  Defendant defaulted on November 30, 2018.

6.  Approximately fifteen days later, I was contacted by Defendant's retained

counsel who sought my consent to vacate Defendant's default.  I consented, but while

Defendant's application for relief from default was pending in Special Civil Part, on

December 27, 2018, I filed an Amended Complaint.

7.  The Amended Complaint (Exhibit A hereto) brings putative class claims

seeking relief in behalf of all Nissan-Infiniti vehicle lessees, during the six year period

preceding suit, who suffered financial injury inflicted by Defendant by way of its

orchestrated and cynically executed scam to enrich itself by duping lessees of

Defendant's vehicles into paying arbitrary and indeed fabricated "excessive wear and

use" charges at the conclusion of a vehicle lease term.

8.  Recovery under the claims asserted in the Amended Complaint, when

established by proof, will exceed the Special Civil Part monetary limit – requiring the

filing of the instant motion. And, as noted, this case is at a very early stage.  Indeed,

Defendant has not yet filed its Answer to the Amended Complaint.

3

9.  Plaintiff's entitlement to the requested transfer to the Law Division is well supported by the governing rule and by the commentary of Judge Pressler on the application of *Rule* 6:4-1(b). *See, Pressler, Current N.J. Court Rules*, comment 3 on *R.* 6:4-1 (2002):

> The rule is intended to permit a transfer at any time prior to trial and even after the statute of limitations on the original action has run... The motion for transfer should be routinely granted if the defendant will not be prejudiced thereby, and it has been held that neither the increased costs of defending an upper court action nor the intervening running of the statute of limitations constitutes such prejudice. *Fusco v. Hale Furniture Co.,* 95 N.J.Super. 539 (App.Div.1967).

10.  Here, there is no prejudice.  Indeed, Defendant has yet to answer the Amended Complaint.

11.  For the foregoing reasons, it is respectfully requested that transfer to the Law Division be granted.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Harold M. Hoffman

Dated: January 22, 2019

4